MoKiNNey, J.,
delivered the opinion of the court.
This was an action of replevin in the circuit court of Butherford, instituted by Wood against Carnahan, for the recovery of a negro girl named Milly, seized by the latter, as an officer, as the property of Bobert Wood, the father of the plaintiff in this action, for the satisfaction of certain executions in his hands against said Bobert Wood. The plaintiff recovered the slave in the court below, and the defendant appealed in error to this court.
The facts of the case, material to be noticed, are these: on the first day of February, 1818, Bobert Wood, a resident of Butherford county, sold and conveyed the slave in question, together with another slave, to his son, Thomas J. Wood, who resided at the time in Bed-ford county. The latter immediately took said slaves home, and retained possession of the girl, Milly, until the 28th of December, 1843, when he sold and conveyed her to his brother, Bobert II. Wood, the- plaintiff in this action. The latter, at the time of his purchase, resided in his father’s family in Butherford. county, and immediately brought the slave to his father’s house, where she remained until her seizure by the defendant, on the -day of - 1850. In 1845, the plaintiff married; but, on leaving his father’s house, *502 be left tbe slave, Milly, to remain witli the family. The proof shows, that the motive of the plaintiff in taking said slave to his father’s, and in leaving her with the family, was to wait on, and attend to his mother, who was enfeebled by disease, and so continued to be, until her death, which happened not long before the seizure of said slave by the defendant. The proof, on the part of the plaintiff, also shows that there was no other servant in the family during all the time that the girl, Milly, remained there, and that during all that period, said slave was held and recognized by Robert Mood, as well as by the other members of the family, as the exclusive property of the plaintiff.
The proof on the part of the defendant, shows,'that at the date of the sale of the two slaves by Robert Wood, to Thos. J. Wood, there were several unsatisfied judgments then existing against the former, which still, in part, remain unsatisfied. The defendant, on the trial of the cause, proposed to give in evidence to the jury, the declarations of Robert Wood, made in the absence of the plaintiff, but while said slave was in possession of said Robert Wood, and at the time of the seizure by the defendant, to the effect, that he had offered to sell said girl, Milly. The court refused to admit such declarations, and whether or not this was error, is, perhaps, the only question necessary to be decided in the case.
It is true, in general, that the declaration of a party, made after he has parted with his interest in the subject matter of litigation, cannot be received to disparage the title or right of a party, acquired in good faith previous to the time of making such declaration. But, this very just and reasonable principle must be taken as inappliea- *503 ble to cases of fraudulent sales of property. If, for example, a conveyance is made, absolute upon its face} and tbe vendor continues to retain tbe possession of tbe property as before, tbis being grima facie evidence of fraud, a creditor impeaching such conveyance on tbe ground of fraud, may be admitted to prove tbe declarations of tbe vendor, thus retaining the possession, in relation to tbe ownership, or to tbe character of bis possession of tbe property. Tbe fraudulent conveyance, though valid as between tbe parties, is void as to creditors of tbe vendor. So far as relates to them, tbe right of property remains unchanged in tbe vendor. And bis declarations are regarded as admissible, from bis relation to tbe property, as part of tbe res gestee. Such admissions may be proved by any person who may have beard them, because tbe question is merely, whether a particular admission was made, and not whether tbe fact be as declared by tbe party. Tbe admission, therefore, cannot be regarded as hearsay, but as original evidence.
Again: as á title to slaves may be acquired by an adverse possession of three years, tbe declarations of tbe party having actual possession, in connection with bis acts of ownership, are admissible to show tbe character of bis possession.
In tbe present case, if, as is alleged, tbe slave was placed in tbe possession of Robert "Wood, for tbe purpose of ministering to the comfort and necessities of an afflicted parent, tbe conduct of tbe plaintiff, in doing so, was not only blameless, but praiseworthy, and bis rights will not be prejudiced thereby. In tbis view, tbe possession of tbe slave by tbe father, and bis control over her, would not be inconsistent with the paintiff’s right, and would be presumed to be subordinate to bis title, *504 until tlie contrary was clearly established. Nor can the plaintiff’s title, if acquired in good faith, be effected by fraud in the sale by Robert Wood, to Thomas J. Wood, if such were the facts.
The result is, that although we regard the proof, on the part of the plaintiff as amply sufficient to support the verdict, yet, upon the ground of the refusal of the court to admit the declarations of Robert Wood, proposed to be proved on the trial, we feel constrained to grant a new trial; whether such declarations can avail the defendant anything upon another trial, is a matter not for our consideration, but for the jury.
Judgment reversed.